UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KANSARA, ASHISH BHASKARBHAI<br>KANSARA, VAIBHAVI ASHISH<br>KANSARA, MANAV ASHISH<br>KANSARA, GRISHMA ASHISH<br>KANSARA, YUKTA ASHISH<br><br>Plaintiffs<br><br>M G ROAD KANSARA BAZAR<br>VADODARA, Gujarat, India<br><br>     -   Against   -<br><br>ANTONY BLINKEN,  in his official capacity as U.S. Secretary of State and MIKE HANKEY, in his official capacity as  U.S. CONSUL GENERAL, MUMBAI, and JOHN DOE, an employee of the U.S. Consulate General, Mumbai, India,<br>c/o The Executive Office,<br>Office of the Legal Adviser, Suite 5.600, 600 191 Street NW., Washington DC 20522<br><br>Defendants | CASE NO.<br><br>COMPLAINT |

DESCRIPTION OF ACTION

1. This is an action brought by the plaintiffs, a family of investment based immigrant visa applicants, against the defendants ANTONY BLINKEN, in his official capacity as U.S. Secretary of State, MIKE HANKEY, in his official

capacity as U.S. CONSUL GENERAL, MUMBAI, and JOHN DOE, an unknown official at the U.S. Consulate General in Mumbai, India, to hold unlawful and set aside the decision to cancel the plaintiffs' immigrant visa registration and ASHISH BHASKARBHAI KANSARA's immigrant visa petition, and to compel a decision on their applications for an immigrant visa which have been pending with defendant MIKE HANEKY (and/or his predecessor(s)) for over four years.

## JURISDICTION

2. This being a civil action against the United States arising under the Mandamus Act, 28 U.S.C. § 1361, and the Administrative Procedure Act, 5 U.S.C. § 701 et seq., both laws of the United States, original jurisdiction over this matter is vested in this Court by 28 U.S.C. § 1331.

## DESCRIPTION OF PARTIES

3. The plaintiffs, ASHISH BHASKARBHAI KANSARA, VAIBHAVI ASHISH KANSARA, MANAV ASHISH KANSARA, GRISHMA ASHISH KANSARA and YUKTA ASHISH KANSARA (the Kansaras) are all citizens, nationals and residents of India, whose registration for immigrant visas have been purportedly cancelled by an unknown official at the U.S. Consulate General in Mumbai, India.

4. ASHISH BHASKARBHAI KANSARA is also the beneficiary of an approved visa petition to classify him as an immigrant qualified under 8 U.S.C. §

1153(b)(5)(A) which has been purportedly canceled by an unidentified person in the U.S. Consulate General in Mumbai, India.

5. ANTONY BLINKEN is the U.S. Secretary of State and is being sued in that official capacity. He resides for official purposes in the District of Columbia.

6. ANTONY BLINKEN is the only person authorized by Congress to cancel registrations for immigrant visas.

7. The defendant, MIKE HANKEY, the U.S. CONSUL GENERAL, MUMBAI, who is being sued in that official capacity, is a U.S. citizen, and resides, for official purposes, in Mumbai, India.

8. JOHN DOE is the unknown person working at the U.S. Consulate General in Mumbai, India who purported to cancel the plaintiffs' immigration visa registration at that consulate, and plaintiff ASHISH BHASKARBHAI KANSARA's approved visa petition to classify him as an immigrant qualified under 8 U.S.C. § 1153(b)(5)(A), even though he had no apparent authority to take either of these actions.

BRIEF STATEMENT OF RELEVANT FACTS

9. ASHISH BHASKARBHAI KANSARA is the beneficiary of an approved petition to classify him as a qualified immigrant seeking to enter the United States for the purpose of engaging in a new commercial enterprise (including a limited partnership)—(i)in which such immigrant has invested (after November 29, 1990) or, is actively in the process of investing, capital in an amount not less than the amount specified in subparagraph 8 U.S.C. §

1153(B)(5) (C)(as it existed on December 8, 2016) and which is expected to remain invested for not less than 2 years and which will benefit the United States economy by creating full-time employment for not fewer than 10 United States citizens, United States nationals, or aliens lawfully admitted for permanent residence or other immigrants lawfully authorized to be employed in the United States (other than the immigrant and the immigrant's spouse, sons, or daughters).

10. VAIBHAVI ASHISH, KANSARA is ASHISH BHASKARBHAI KANSRA's spouse, and MANAV ASHISH KANSARA, GRISHMA ASHISH KANSARA and YUKTA ASHISH KANSARA are their children.

11. VAIBHAVI ASHISH, KANSARA, MANAV ASHISH KANSARA, GRISHMA ASHISH KANSARA and YUKTA ASHISH KANSARA are all eligible to accompany ASHISH BHASKARBHAI KANSARA in immigrating to the United States under 8 U.S.C. § 1153(d).

12. The plaintiffs' immigrant visa applications were filed with the defendant MIKE HANKEY (or his predecessor) no later than November 17, 2018.

13. On December 4, 2018, ASHISH BHASKARBHAI KANSARA was interviewed for an immigrant visa at the U.S. Consulate General in Mumbai.

14. Thereafter the defendant MIKE HANKEY, directly or through his subordinate(s), suspended action on the Kansaras' visa applications pursuant to 22 C.F.R. § 42.43(a) and returned Ashish Kansara's petition to the Department of Homeland Security for its reconsideration.

15. The Department of Homeland Security reaffirmed the approval of that petition on August 2, 2019.

16. At no time after 2018 did any of the Kansaras receive notice that an immigrant visa was available to any of them.

17. The Kansaras' attorney sent the U.S. Consulate emails following up on the status of their immigrant visa applications on 01/06/2020; 04/23/2020; 08/20/2020 and 11/19/2020.

18. At no time did the Consulate respond to any of these emails by informing the Kansaras or their attorney that a visa was available to them.

19. Nevertheless, on or shortly before December 15, 2020, ASHISH BHASKARBHAI KANSARA received a notice from the U.S. Consulate General, Mumbai stating, in relevant part, that:

    We refer to your application for an immigrant visa. Section 203(g) of the Immigration and Nationality Act requires that your application be canceled and any petition for you be canceled if you do not apply for your immigrant visa within one year of being advised of visa availability, or fail to present evidence purporting to overcome the basis of your refusal under INA 221 (g) within one year following the refusal.

    You were advised of this requirement on the date shown below, but we have not received a response from you since then. As a result, you are hereby notified that your application for a visa has been canceled and any petition for you has also been canceled.

20. On approximately December 15, 2020, ASHISH BHASKARBHAI KANSARA responded to this notice, through his attorney, as follows:

    I am the attorney of record for the above referenced case, the Applicant is Ashish Bhaskarbhai Kansara

My client has just received a letter, though dated October 5 2020, which is attached, stating that his visa application is being cancelled.

Mr. Kansara, was placed into administrative processing after his interview, see attached letter, informing him that his file was being passed back to USCIS. USCIS then reapproved his 1-526 petition, see attached notice from USCIS. This notice states that Mr. Kansara would be contacted directly. There has been no further communication to Mr. Kansara or myself, until the receipt of the termination notice was received by Mr. Kansara.

Mr. Kansara has spent a considerable amount of money and effort in attempting to obtain his visa and has not abandoned his application, and would request that his visa application be reinstated with immediate effect, along with those of his beneficiary family members.

21. The Kansaras' attorney followed up with this email with additional emails on May 8, 2021 and June 2, 2021 inquiring into the status of their applications, but received no meaningful response.

22. On June 30, 2021, the EB-5 Regional Center program temporarily lapsed and therefore no immigrant visas could be issued based upon this program.

23. In April 2022, applicant, ASHISH BHASKARBHAI KANSARA received a notice from an unknown person at the U.S. Consulate General in Mumbai that his "immigrant visa has been canceled".

24. Specifically, it said:

This office previously notified you that as of the date shown on the bottom of this letter your application for an immigrant visa was canceled and any petition approved on your behalf was also canceled. We informed you that your application might be reinstated if, within one year, you could establish that your failure to pursue your immigrant visa application was due to circumstances beyond your control.

Since you have failed to do so, the record of your registration and any petition approved on your behalf and all supporting documents have been destroyed,

any Department of Labor certification has been returned to your prospective employer.

25. The date shown on the bottom of the notice was October 5, 2020.

CAUSE OF ACTION

COUNT I

THE DECISION TO TERMINATE THE PLAINTIFFS' REGISTRATION SHOULD BE HELD UNLAWFUL AND SET ASIDE

26. Upon information and belief the plaintiffs were never properly notified that an immigrant visa was available to them after the processing of their applications was suspended on or shortly after December 4, 2018.

27. The basis for this information and belief is the fact that the plaintiffs never received any such notice after December 4, 2018.

28. The notice from the Consulate General, Mumbai, India, dated October 5, 2020, did not inform any of the plaintiffs that a visa was available to them.

29. Further, and in any event, the plaintiffs did respond to the Consulate General, Mumbai, India's notice date of October 5, 2020 by establishing in their attorney's letter of December 15, 2020 that any failure by them to apply for a visa following any such purported notice was due to circumstances beyond their control inasmuch as they never received any such notice.

30. Finally, no one in the U.S. Consulate General, Mumbai, India, is authorized by 8 U.S.C. § 1153(g) or any other provision of law to cancel the plaintiffs' "immigrant visa" (which they were never even granted) nor their registration

for the same, nor the immigrant visa petition approved on ASHISH BHASKARBHAI KANSARA's behalf.

31. Consequently, the decisions referred to in the notices of October 5, 2020 and April 22, 2022 , to the extent that they purported to take any of the action specified in the preceding paragraph, were contrary to law and unsupported by substantial evidence.

32. 5 U.S.C. § 706 provides in relevant part that "To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall—

...
(2) hold unlawful and set aside agency action, findings, and conclusions found to be—
(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

WHEREFORE this Court should hold decisions referenced in the said notices of October 5, 2020 and April 22, 2022 unlawful and set them aside.

## COUNT II

**THE DEFENDANT HANKEY HAS BREACHED HIS DUTY TO THE PLAINTIFFS TO MAKE A LAWFUL FINAL DECISION ON THEIR IMMIGRANT VISA APPLICATIONS WITHIN A REASONABLE TIME.**

33. The defendant MIKE HANKEY is a consular officer of the United States

Department of State, an agency of the United States government.

34. This defendant MIKE HANKEY owes a duty to the plaintiffs to make a lawful decision regarding their immigrant visa application within a reasonable period of time after they were filed with him or his predecessor. 5 U.S.C. § 555(b) ("With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it.").

35. "It is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application, …". 8 U.S.C. § 1571(b).

36. The time in which the plaintiffs' applications have been pending with the defendant and/or his predecessor(s) is well beyond the time which is reasonably required to adjudicate them, as evidenced by the fact that, upon information and belief, numerous immigrant visa applications filed with this consular officer or his predecessor(s) after those of the plaintiffs, have already been adjudicated.

37. This Court has authority under 28 U.S.C. § 1361 to compel an officer or employee of the United States to perform a duty owed to the plaintiffs.

38. This Court also has authority under 5 U.S.C. § 706(1) to compel agency action unlawfully withheld or unreasonably delayed.

## RELIEF REQUESTED

WHEREFORE it is respectfully requested that the Court find that a lawful

adjudication of plaintiffs' applications for an immigrant visa to have been unreasonably delayed and compel the defendant MIKE HANKEY to lawfully adjudicate the plaintiffs' immigrant visa applications in no more than 30 days from the date of the Court's order, and to take such other action as it deems appropriate.

Dated this 28th day of February, 2023

s/ *Michael E. Piston*
Michael E. Piston MI 002
Attorney for the Plaintiffs
38-08 Union St., Suite 9A
Flushing, NY 11354
(646) 876-3772
Fx: 206-770-6350
Michaelpiston4@gmail.com